UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| OAKLEY, INC. a, a Washington corporation, | ) ) | Case No. 09cv2333-IEG (BLM) |
| Plaintiff, | ) ) ) | **CASE MANAGEMENT CONFERENCE ORDER REGULATING DISCOVERY AND OTHER PRETRIAL PROCEEDINGS** |
| v. | ) ) | (Fed. R. Civ. P. 16) |
| MOUNTAIN SHADES, INC. dba OPTIC NERVE, a Colorado corporation, | ) ) | (Local Rule 16.1) (Fed. R. Civ. P. 26) |
| Defendant. | ) ) | (Patent Local Rules) |

On February 8, 2010, the Court convened an Early Neutral Evaluation Conference ("ENE"). Settlement of the case could not be reached at the ENE, and the Court therefore discussed compliance with Rule 16 of the Federal Rules of Civil Procedure and the Patent Local Rules. After consulting with the attorneys of record for the parties and being advised of the status of the case, and good cause appearing, **IT IS HEREBY ORDERED**:

1. Any motion to join other parties, to amend the pleadings, or to file additional pleadings shall be filed on or before **March 8, 2010**.

2. **Disclosure of Asserted Claims and Preliminary Infringement Contentions**. On or before **February 26, 2010**, Plaintiff shall serve on

all parties a "Disclosure of Asserted Claims and Preliminary Infringement Contentions."  Separately for each opposing party, the "Disclosure of Asserted Claims and Preliminary Infringement Contentions" must contain the following information:

    a.   Each claim of each patent in the suit that is allegedly infringed by each opposing party;

    b.   Separately for each asserted claim, each accused apparatus, product, device, process, method, act, or other instrumentality ("Accused Instrumentality") of each opposing party of which the party is aware.  This identification must be as specific as possible.  Each product, device and apparatus must be identified by name or model number, if known.  Each method or process must be identified by name, if known, or by any product, device, or apparatus which, when used, allegedly results in the practice of the claimed method or process;

    c.   A chart identifying specifically where each element of each asserted claim is found within each Accused Instrumentality, including for each element that such party contends is governed by 35 U.S.C. § 112(6), the identity of the structure(s), act(s), or material(s) in the Accused Instrumentality that performs the claimed function;

    d.   Whether each element of each asserted claim is claimed to be literally present and/or present under the doctrine of equivalents in the Accused Instrumentality;

    e.   For any patent that claims priority to an earlier application, the priority date to which each asserted claim allegedly is entitled; and

    f.   If a party claiming patent infringement asserts that its

2

own apparatus, product, device, process, method, act, or other instrumentality practices the claimed invention, the party must identify, separately for each asserted claim, each such apparatus, product, device, process, method, act, or other instrumentality that incorporates or reflects that particular claim.

3. **Document Production Accompanying Disclosure.** With the "Disclosure of Asserted Claims and Preliminary Infringement Contentions," the party claiming patent infringement must produce to each opposing party, or make available for inspection and copying, the following documents in the possession, custody and/or control of that party:

a. Documents (e.g., contracts, purchase orders, invoices, advertisements, marketing materials, offer letters, beta site testing agreements, and third party or joint development agreements) sufficient to evidence each discussion with, disclosure to, or other manner of providing to a third party, or sale of or offer to sell, the claimed invention prior to the date of application for the patent in suit. A party's production of a document as required herein does not constitute an admission that such document evidences or is prior art under 35 U.S.C. § 102;

b. All documents evidencing the conception, reduction to practice, design, and development of each claimed invention, which were created on or before the date of application for the patent in suit or the priority date identified pursuant to P.L.R. 3.1(e), whichever is earlier; and

c. A copy of the file history for each patent in suit and each application to which a claim for priority is made under P.L.R. 3.1(e).

1    The producing party must separately identify by production number
2    which documents correspond to each category.

3    The party claiming patent infringement is required to use its best
4    efforts to obtain the documents to make a timely disclosure if the
5    documents identified above are not in the possession, custody and/or
6    control of that party.

7    4.   **Preliminary Invalidity Contentions.**   On or before **April 26,**
8    **2010**, Defendants shall serve on all parties its "Preliminary Invalidity
9    Contentions" which must contain the following information:

10   a.   The identity of each item of prior art that allegedly
11   anticipates each asserted claim or renders it obvious.  This includes
12   information about any alleged knowledge or use of the invention in this
13   country prior to the date of invention of the patent.  Each prior art
14   patent must be identified by its number, country of origin, and date of
15   issue.  Each prior art publication must be identified by its title, date
16   of publication, and where feasible, author and publisher.  Prior art
17   under 35 U.S.C. § 102(b) must be identified by specifying the item
18   offered for sale or publicly used or known, the date the offer or use
19   took place or the information became known, and the identity of the
20   person or entity which made the use or which made and received the
21   offer, or the person or entity which made the information known or to
22   whom it was made known.  Prior art under 35 U.S.C. § 102(f) must be
23   identified by providing the name of the person(s) from whom and the
24   circumstances under which the invention or any part of it was derived.
25   Prior art under 35 U.S.C. § 102(g) must be identified by providing the
26   identities of the person(s) or entities involved in and the
27   circumstances surrounding the making of the invention before the patent
28   applicant(s);

4

b.   Whether each item of prior art anticipates each asserted claim or renders it obvious.  If a combination of items of prior art makes a claim obvious, each such combination and the motivation to combine such items, must be identified;

c.   A chart identifying where specifically in each alleged item of prior art each element of each asserted claim is found, including for each element that such party contends is governed by 35 U.S.C. § 112(6), the identity of the structure(s), act(s), or material(s) in each item of prior art that performs the claimed function;

d.   Any grounds of invalidity based on indefiniteness under 35 U.S.C. § 112(1) of any of the asserted claims; and

e.   Any grounds of invalidity based on lack of written description, lack of enabling disclosure, or failure to disclose the best mode under 35 U.S.C. § 112(2).

5.   **Document Production Accompanying Preliminary Invalidity Contentions.**  With the "Preliminary Invalidity Contentions," the party opposing a claim of patent infringement must produce or make available for inspection and copying:

a.   Source code, specifications, schematics, flow charts, artwork, formulas, or other documentation sufficient to show the operation of any aspects or elements of any Accused Instrumentality identified by the patent claimant in the "Disclosure of Asserted Claims and Preliminary Infringement Contentions;"

b.   A copy of each item of prior art identified in the Preliminary Invalidity Contentions, which does not appear in the file history of the patent(s) at issue.  To the extent any such item is not in English, an English translation of the portion(s) relied upon must be

1 produced.

2      6.  **Exchange of Proposed Claim Constructions and Extrinsic**
3 **Evidence**.

4          a.  On or before **May 10, 2010**, the parties shall
5 simultaneously exchange a preliminary proposed construction of each
6 claim term, phrase, or clause which the parties have identified for
7 claim construction purposes. Each such "Preliminary Claim Construction"
8 will also for each element which any party contends is governed by 35
9 U.S.C. § 112(6), identify the structure(s), act(s), or material(s)
10 corresponding to that element.

11          b.  At the same time the parties exchange their respective
12 "Preliminary Claim Constructions," they must also provide a preliminary
13 identification of extrinsic evidence, including without limitation,
14 dictionary definitions, citations to learned treatises and prior art,
15 and testimony of percipient and expert witnesses they contend support
16 their respective claim constructions. The parties must identify each
17 such item of extrinsic evidence by production number or produce a copy
18 of any such item not previously produced. With respect to any such
19 witness, percipient or expert, the parties must also provide a brief
20 description of the substance of that witness' proposed testimony.

21          c.  On or before **May 24, 2010**, the parties shall
22 simultaneously exchange "Responsive Claim Constructions" identifying
23 whether the responding party agrees with the other party's proposed
24 construction, or identify an alternate construction in the responding
25 party's preliminary construction, or set forth the responding party's
26 alternate construction.

27          d.  At the same time the parties exchange their respective
28 "Responsive Claim Constructions," they must also provide a preliminary

identification of extrinsic evidence, including without limitation, dictionary definitions, citations to learned treatises and prior art, and testimony of percipient and expert witnesses they contend support any responsive claim constructions.  The parties must identify each such item of extrinsic evidence by production number or produce a copy of any such item not previously produced.  With respect to any such witness, percipient or expert, the parties must also provide a brief description of the substance of that witness' proposed testimony.

e.  The parties must thereafter meet and confer for the purposes of narrowing the issues and finalizing preparation of a Joint Claim Construction Chart, Joint Claim Construction Worksheet, and Joint Hearing Statement.

7.  **Joint Claim Construction Chart, Worksheet, and Hearing Statement.**  On or before **June 7, 2010**, the parties shall complete and file a Joint Claim Construction Chart, Joint Claim Construction Worksheet, and Joint Hearing Statement.

a.  The Joint Claim Construction Chart must have a column listing complete language of disputed claims with the disputed terms in bold type and separate columns for each party's proposed construction of each disputed term.  Each party's proposed construction of each disputed claim term, phrase, or clause, must identify all references from the specification or prosecution history that support that construction and an identification of any extrinsic evidence known to the party on which it intends to rely either to support its proposed construction of the claim or to oppose any other party's proposed construction of the claim, including, but not limited to, as permitted by law, dictionary definitions, citations to learned treatises and prior art, and testimony of percipient and expert witnesses.

09cv2333-IEG (BLM)

b.   The parties Joint Claim Construction Worksheet must be in the format set forth in Appendix A and include any proposed constructions to which the parties agree, as well as those in dispute. The parties must jointly submit the Joint Claim Construction Worksheet on computer disk in both Word and Wordperfect format or in such other format as the court may direct.

c.   The Joint Hearing Statement must include:

1.   The anticipated length of time necessary for the Claim Construction Hearing; and

2.   Whether any party proposes to call one or more witnesses, including experts, at the Claim Construction Hearing, the identity of each such witness, and for each expert, a summary of each opinion to be offered in sufficient detail to permit a meaningful deposition of that expert.

d.   At the Court's discretion, within five (5) calendar days of the submission of the Joint Claim Construction Chart, Joint Claim Construction Worksheet, and Joint Hearing Statement, the Court will hold a status conference with the parties, in person or by telephone, to discuss the schedule, witnesses and any other matters regarding the Claim Construction Hearing.

8.   **Completion of Claim Construction Discovery.**  The parties shall complete all discovery, including any depositions of any witnesses, including experts, the parties intend to use in the Claim Construction Hearing by **July 5, 2010**.  Fed. R. Civ. P. 30 applies to depositions, except as to experts.  An expert witness identified in a party's Joint Hearing Statement may be deposed on claim construction issues.  The identification of said expert in the Joint Hearing Statement may be deemed good cause for a further deposition on all substantive issues.

8

     9.   **Claim Construction Briefs.**

     a.   On or before **July 19, 2010**, the parties shall simultaneously file and serve opening briefs and any evidence supporting their claim construction.

     b.   On or before **August 2, 2010**, the parties shall simultaneously file and serve briefs responsive to the opposing party's opening brief and any evidence directly rebutting the supporting evidence contained in the opposing party's opening brief.

     10.   **Claim Construction Hearing.**   On **August 13, 2010** at **9:00 a.m.**, the Honorable Irma E. Gonzalez will conduct a Claim Construction Hearing, to the extent that parties or the court believe a hearing is necessary for construction of the claims at issue.

     11.   **Final Contentions.**   Each party's "Preliminary Infringement Contentions" and "Preliminary Invalidity Contentions" will be deemed to be that party's final contentions, except as set forth below.

     a.   If a party claiming patent infringement believes in good faith that the Court's Claim Construction Ruling or a document produced with the Preliminary Invalidity Contentions so require, not later than thirty (30) days after service by the Court of its Claim Construction Ruling, that party may serve "Final Infringement Contentions" without leave of court that amend its "Preliminary Infringement Contentions."

     b.   Not later than fifty (50) days after service by the Court of its Claim Construction Ruling, each party opposing a claim of patent infringement may serve "Final Invalidity Contentions" without leave of court that amend its "Preliminary Invalidity Contentions" if: i) a party claiming patent infringement has served "Final Infringement Contentions," or ii) the party opposing a claim of patent infringement believes in good faith that the Court's Claim Construction Ruling so

requires.

12. **Amendment to Contentions.** Amendment or modification of the Preliminary or Final Infringement Contentions or the Preliminary or Final Invalidity Contentions, other than as expressly permitted in the section above, may be made only by order of the court, which will be entered only upon a showing of good cause.

13. **Opinion of Counsel.** Not later than thirty (30) days after filing of the Claim Construction Order, each party opposing a claim of patent infringement that will rely on an opinion must:

a. Produce or make available for inspection and copying the opinion(s) and any other documentation relating to the opinion(s) as to which that party agrees the attorney-client or work product protection has been waived; and

b. Serve a privilege log identifying any other documents, except those authored by counsel acting solely as trial counsel, relating to the subject matter of the opinion(s) which the party is withholding on the grounds of attorney-client privilege or work product protection.  A party opposing a claim of patent infringement who does not comply with this requirement will not be permitted to rely on an opinion of counsel as part of a defense to willful infringement absent a stipulation of all parties or by order of the court, which will be entered only upon showing of good cause.

14. On or before **November 1, 2010**, all parties shall exchange with all other parties a list of all expert witnesses expected to be called at trial.  The list shall include the name, address, and telephone number of the expert and a brief statement identifying the subject areas as to which the expert is expected to testify.  The list shall also include the normal rates the expert charges for deposition and trial

testimony.  On or before **November 22, 2010**, any party may supplement its designation in response to any other party's designation so long as that party has not previously retained an expert to testify on that subject.

15.  Each expert witness designated by a party shall prepare a written report to be provided to all other parties **no later than February 24, 2011**, containing the information required by Fed. R. Civ. P. 26(a)(2)(A) and (B).  **Except as provided in paragraph 16 below, any party that fails to make these disclosures shall _not_, absent substantial justification, be permitted to use evidence or testimony not disclosed at any hearing or at the time of trial.  In addition, the Court may impose sanctions as permitted by Fed. R. Civ. P. 37.**

16.  Any party, through any expert designated, shall in accordance with Fed. R. Civ. P. 26(a)(2)(D) and Fed. R. Civ. P. 26(e)(2), supplement any of its expert reports regarding evidence intended solely to contradict or rebut evidence on the same subject matter identified in an expert report submitted by another party.  Any such supplemental reports are due on or before **March 24, 2011**.

17.  All fact discovery shall be completed on or before **January 24, 2011**.  All expert discovery shall be completed on or before **April 21, 2011**.  "Completed" means that all discovery under Rules 30-36 of the Federal Rules of Civil Procedure, and discovery subpoenas under Rule 45, must be initiated a sufficient period of time in advance of the cut-off date, so that it may be completed by the cut-off date, taking into account the times for service, notice, and response as set forth in the Federal Rules of Civil Procedure.

Counsel shall promptly and in good faith meet and confer with regard to all discovery disputes in compliance with Civil Local Rules 16.5(k) and 26.1(a).  **All discovery motions shall be filed within thirty**

**(30) days after counsel have met and conferred and reached an impasse with regard to any particular discovery issue, but in no event shall discovery motions be filed more than sixty (60) days after the date upon which the event giving rise to the discovery dispute occurred.** For oral discovery, the event giving rise to the discovery dispute is the completion of the transcript of the affected portion of the deposition. For written discovery, the event giving rise to the discovery dispute is the service of the response, or, if no response was served, the initial date the response was due. **In addition, all discovery motions must be filed within thirty (30) days after the close of discovery.**

18.   All motions, other than motions to amend or join parties, or motions in limine, shall be filed on or before **May 5, 2011**.   Motions will not be heard or calendared unless counsel for the moving party has obtained a motion hearing date from the law clerk of the judge who will hear the motion.   **Be advised that the parties must file their moving papers within three (3) days of receiving the motion hearing date from the Court.**  Failure to timely request a motion date may result in the motion not being heard.   Motions will not be heard unless you have obtained a date from the judge's law clerk.

Briefs or memoranda in support of or in opposition to any pending motion shall not exceed twenty-five (25) pages in length without permission of the judge who will hear the motion.   No reply memorandum shall exceed ten (10) pages without leave of the judge who will hear the motion.

19.  A Mandatory Settlement Conference shall be conducted on **November 29, 2010** at **9:30 a.m.** in the chambers of Magistrate Judge Barbara L. Major located at **940 Front Street, Suite 5140, San Diego, CA 92101**.  All discussions at the Mandatory Settlement Conference will be

informal, off the record, privileged, and confidential.  Counsel for any non-English speaking party is responsible for arranging for the appearance of an interpreter at the conference.

a. **Personal Appearance of Parties Required**:  All parties, adjusters for insured defendants, and other representatives of a party having full and complete authority to enter into a binding settlement, as well as the principal attorneys responsible for the litigation, must be present **in person** and legally and factually prepared to discuss settlement of the case.  <u>Counsel appearing without their clients (whether or not counsel has been given settlement authority) will be cause for immediate imposition of sanctions and may also result in the immediate termination of the conference.</u>

Unless there are extraordinary circumstances, persons required to attend the conference pursuant to this Order shall not be excused from personal attendance.  **Requests for excuse from attendance for extraordinary circumstances shall be made <u>in writing</u> at least three (3) court days prior to the conference.**  Failure to appear **in person** at the Mandatory Settlement Conference will be grounds for sanctions.

b. **Full Settlement Authority Required**:  In addition to counsel who will try the case, a party or party representative with <u>full settlement authority</u>[1] must be present for the conference.  In the case

_____

[1]  "Full settlement authority" means that the individuals at the settlement conference must be authorized to explore settlement options fully and to agree at that time to any settlement terms acceptable to the parties.  <u>Heileman Brewing Co. v. Joseph Oat Corp.</u>, 871 F.2d 648, 653 (7th Cir. 1989).  The person needs to have "unfettered discretion and authority" to change the settlement position of a party.  <u>Pitman v. Brinker Int'l, Inc.</u>, 216 F.R.D. 481, 485-86 (D. Ariz. 2003).  The purpose of requiring a person with unlimited settlement authority to attend the conference contemplates that the person's view of the case may be altered during the face to face conference.  <u>Id.</u> at 486.  A limited or a sum certain of authority is not adequate.<u>See</u> Nick v. Morgan's

1   of a corporate entity, an authorized representative of the corporation

2   who is not retained outside counsel must be present and must have

3   discretionary authority to commit the company to pay an amount up to the

4   amount of the Plaintiff's prayer (excluding punitive damages prayers).

5   The purpose of this requirement is to have representatives present who

6   can settle the case during the course of the conference without

7   consulting a superior.  Counsel for a government entity may be excused

8   from this requirement so long as the government attorney who attends the

9   Mandatory Settlement Conference (1) has primary responsibility for

10  handling the case, and (2) may negotiate settlement offers which the

11  attorney is willing to recommend to the government official having

12  ultimate settlement authority.

13          c.   **Confidential Settlement Statements Required**:  No later

14  than **November 22, 2010**, the parties shall submit directly to Magistrate

15  Judge Major's chambers confidential settlement statements no more than

16  five (5) pages in length.  **These confidential statements shall not be**

17  **filed or served on opposing counsel.**  Each party's confidential

18  statement must include the following:

19          (i)  A brief description of the case, the claims and/or

20  counterclaims asserted, and the applicable defenses or position

21  regarding the asserted claims;

22          (ii) A specific and current demand or offer for

23  settlement addressing all relief or remedies sought.  If a specific

24  demand or offer for settlement cannot be made at the time the brief is

25  submitted, then the reasons therefore must be stated along with a

26  statement as to when the party will be in a position to state a demand

27  or make an offer; and

28

Foods, Inc., 270 F.3d 590, 595-97 (8th Cir. 2001).

(iii)   A brief description of any previous settlement negotiations, mediation sessions, or mediation efforts.

General statements that a party will "negotiate in good faith" is not a specific demand or offer contemplated by this Order.   It is assumed that all parties will negotiate in good faith.

d.   **Requests to Continue a Mandatory Settlement Conference**: Any request to continue the Mandatory Settlement Conference or request for relief from any of the provisions or requirements of this Order must be sought by a **written _ex parte_ application**.   The application must (1) be supported by a declaration of counsel setting forth the reasons and justifications for the relief requested, (2) confirm compliance with Civil Local Rule 26.1, and (3) report the position of opposing counsel or any unrepresented parties subject to the Order.   **Absent extraordinary circumstances, requests for continuances will <u>not</u> be considered unless submitted <u>in writing</u> no less than seven (7) days prior to the scheduled conference.**

**<u>If the case is settled in its entirety before the scheduled date of the conference, counsel and any unrepresented parties must still appear in person, unless a written joint notice confirming the complete settlement of the case is filed no fewer than twenty-four (24) hours before the scheduled conference.</u>**

///
///
///
///
///
///
///

15

1    20.   The final pretrial conference is scheduled on the calendar of

2    the Honorable Irma E. Gonzalez on **July 11, 2011** at **10:30 a.m.**  The trial

3    date will be assigned by Judge Gonzalez at the pretrial conference.

4    21.   The dates and times set forth herein will not be modified

5    except for good cause shown.

6    22.   Plaintiff's counsel shall serve a copy of this order on all

7    parties that enter this case hereafter.

8    **IT IS SO ORDERED.**

9

10   DATED:  February 10, 2010

11

12   BARBARA L. MAJOR
     United States Magistrate Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

16                                                          09cv2333-IEG (BLM)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**APPENDIX A**

**APPROVED FORM OF**

**JOINT CLAIM CONSTRUCTION WORKSHEET**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**JOINT CLAIM CONSTRUCTION WORKSHEET**

| PATENT CLAIM | AGREED PROPOSED CONSTRUCTION | PLAINTIFF'S PROPOSED CONSTRUCTION | DEFENDANT'S PROPOSED CONSTRUCTION | COURT'S CONSTRUCTION |
|---|---|---|---|---|
| 1. Claim language as it appears in the patent **with terms and phrases to be construed in bold.** | Proposed construction if the parties agree. | Plaintiff's proposed construction if parties disagree. | Defendant's proposed construction if parties disagree. | Blank column for Court to enter its construction. |
| 2. Claim language as it appears in the patent **with terms and phrases to be construed in bold.** | Proposed construction if the parties agree. | Plaintiff's proposed construction if parties disagree. | Defendant's proposed construction if parties disagree. | Blank column for Court to enter its construction. |
| 3. Claim language as it appears in the patent **with terms and phrases to be construed in bold.** | Proposed construction if the parties agree. | Plaintiff's proposed construction if parties disagree. | Defendant's proposed construction if parties disagree. | Blank column for Court to enter its construction. |

09cv2333-IEG (BLM)